ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MAYRA PASTRANA MARTÍNEZ<br><br>Recurrida<br><br><br>V.<br><br>MMR SUPERMARKET, INC. H/N/C ECONO SAN LORENZO; RAÚL PASTRANA MARTÍNEZ; LUZ ENEIDA PASTRANA ANDÚJAR; MYRNA ORTEGA AYALA; RP HOLDING, LLC; SPARTAN BOXING CLUB, INC.; SUCESORES DE SPARTAN; JOHN DOE; JOHN DOE, INC. Y RICHARD ROE<br><br>Peticionarios | TA2025CE00394 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2021CV02571<br><br>Sobre:<br><br>Acción Derivativa y Daños y Perjuicios e Injunction Preliminar y Permanente |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 25 de septiembre de 2025.

Raúl Pastrana Martínez (Peticionario o Raúl Pastrana) solicita la revisión de la *Orden* que emitió el Tribunal de Primera Instancia, Sala de Caguas, el 21 de agosto de 2025. Mediante esta, el foro primario emitió varias órdenes, entre ellas, le requirió al peticionario Raúl Pastrana y a MMR Supermarket, Inc. a contestar un descubrimiento de prueba, en particular: "lo identificado por la parte demandante en la alegación #1, de la A a la NN".

Por las razones que exponemos, expedimos el auto de *certiorari,* revocamos la orden y devolvemos el asunto al tribunal de origen.

**I.**

El 8 de octubre de 2021, Mayra Pastrana Martínez (recurrida) interpuso una demanda sobre acción declarativa y daños y perjuicios; e injunction preliminar y permanente contra MMR Supermarket, Inc. h/n/c Econo San Lorenzo; Raúl Pastrana Martínez y otros. Adujo que era accionista del 49% de la aludida corporación y Raúl Pastrana con el 51% de las acciones. En síntesis, sostuvo que Raúl Pastrana, y otros codemandados, realizaron actividades ilegales en contra de los mejores intereses de MMR. A esos efectos, solicitó que se condene a los codemandados al pago de las cantidades reclamadas; la entrega de todos los documentos adeudados; ordene la destitución de los directores; ordene la destitución de Raúl Pastrana como accionista de MMR; ordene la continuación de todo pago de MMR para garantizar su continuidad operacional; y los gastos incurridos en el trámite de la demanda.

El 10 de noviembre de 2021[1], Mayra Pastrana presentó una Primera Demanda Enmendada. El 15 de diciembre de 2021, Raúl Pastrana y otros la contestaron.

Paralelo a este pleito, el peticionario alegó que la demandante incoó otra acción en su contra y MPC Enterprises, Inc. y otros, en el Tribunal de Carolina, Civil Núm. TJ2021CV00487.[2]

Luego de otros trámites y durante el periodo del descubrimiento de pruebas, el 7 de agosto de 2025, Mayra

---

[1] Revisado del Sistema Unificado de Manejo y Administración de Casos (SUMAC), TPI, entrada 52.

[2] Recurso de certiorari página 5, nota al calce 1, la cual indica: "Existe un pleito paralelo ante el Tribunal de Primera Instancia, Sala Superior de Carolina, Civil Núm. TJ2021CV00487 (401), Mayra Pastrana Martínez v. MPC Enterprise, Inc., et al. En este caso se hacen alegaciones similares a la del caso que nos ocupa. Dada la identidad de las partes y similitud de cuestiones planteadas, las partes acordaron llevar a cabo el descubrimiento de prueba en ambos casos de forma conjunta."

Pastrana presentó una *Moción Urgente al Amparo de la Regla 34.1 de Procedimiento Civil*[3]. En referida moción, la recurrida solicitó que se le "ordene a los demandados Raúl Pastrana Martínez y MMR a que entreguen la prueba que se le ha venido solicitando desde el pasado mes de febrero y en la última deposición de mediados de junio pasado…". Junto a la moción, incluyó, tres anejos relacionados al descubrimiento de pruebas. En particular, en el anejo dos (2), produjo una lista de los documentos presuntamente solicitados a Raúl Pastrana en la deposición del 20 de febrero de 2025, a saber:

1. Transcripciones de crédito de sus dos universidades.
2. Facturas y cheques de Rey Quiñones del 2016 al presente.
3. Facturas y cheques del licenciado Peral del 2016 al presente.
4. Facturas y cheques del licenciado Arbona del 2016 al presente.
5. Facturas y cheques del contable Orlando Ortiz Cabrera del 2016 al presente.
6. Facturas y cheques del contable auditor Gil Ortiz Cabrera del 2016 al presente.
7. Facturas y cheques del Ferdinand Ortiz Cabrera, contable hermano y que trabajo en el diario de las empresas. El que no es CPA. Son del 2016 al presente.
8. Documento certificado de parte del CPA Gil Ortiz Cabrera de que de 2016 al presente él no ha emitido cartas o comunicaciones a la gerencia de MMR y MPC sobre aspectos de funcionamiento de las empresas y problemas o situaciones detectadas.
9. Copia del Reglamento de Supermercados Econo.
10. Copia del contrato de la suite del Choliseo y sus estados de cuenta con los cheques cancelados.
11. Estados financieros 2024.
12. Copia de todos los cheques de productividad de Econo Central o de los suplidores a MPC y MMR del 2016 al presente.
13. Copias de todas las planillas de contribución sobre ingresos de Raúl Pastrana de 2016 al presente y las informativas que han generado MPC y MMR desde 2016 al presente sobre Raúl Pastrana, Mayra Pastrana y María Virgen Martínez.
14. Facturas de auspicios de las empresas de boxeo y boxeadores como Amanda Serrano con MPC y MMR.
15. Copia de las dos reclamaciones de MPC a Real Legacy Assurance por los huracanes Irma y María.

---

[3] SUMAC TPI, entrada 176.

16. Copia de la segunda reclamación MMR a Real Legacy Assurance para los huracanes Irma y María.
17. Y copia de los cheques recibidos como compensación de parte de Real Legacy.
18. Copia de la demanda contra Real Legacy Assurance.
19. Copia del acuerdo transaccional de la demanda.
20. Copia del cheque de ambas empresas.
21. Evidencia de préstamos PPP y de desembolso y condonación.
22. Evidencia de incentivo de nómina del IRS y de Hacienda. Y evidencia de pago.
23. Copia de la comunicación de la señora Dávila de Oriental Bank del 14 de enero de 2020 y que está relacionada con el exhibit 16 de la deposición.
24. Copia de todos los gastos de Mayra Pastrana de 2016 en adelante.
25. Copia de pagos de nómina Maria Martinez Alemán en MPC o MMR.
26. Estados de cuenta de AMEX de 2016 al presente de Raúl Pastrana y Myrna Ortega o cualquier otro empleado con ese beneficio.
27. Evidencia de invitación a María Martínez a reuniones de accionistas de 2016 al presente.
28. Proveer copia de evidencia de pagos de acciones tipo A, acciones tipo B, Bill Back, Negociaciones, Devolución por Eficiencia Operacional y Devolución por tienda del "Proyecto Sunshine", todos del 2016 al presente.
29. Registro del cambio de todos los cheques cambiados o depositados de la petición anterior.
30. Copias de todas las garantías personales de Raúl Pastrana con suplidores de MPC y MMR de 2016 al presente.
31. Documento en el que Raúl Pastrana le notifica a Supermercados Econo, Inc. que el es el nuevo accionista en sustitución de su padre. Y la valorización de Supermercados Econo, Inc. de las acciones al 12 de junio de 2020.

Un día después, el 8 de agosto de 2025[4], el foro de instancia emitió la siguiente *Orden*:

Conforme lo dispuesto en la Regla 34.1 de las de Procedimiento Civil, se le ordena a los demandados Raúl Pastrana Martínez y MMR que entreguen la prueba que se le ha venido solicitando desde el pasado mes de febrero y en la última deposición de mediados de junio pasado en el término de 10 días.
[…]

En respuesta, el 19 de agosto de 2025, Raúl Pastrana presentó una *Solicitud para que se permita al codemandado Raúl*

---

[4] SUMAC TPI, entrada 177.

*Pastrana presentar Oposición bajo la Regla 8.4 y/o de Reconsideración bajo la Regla 47 de Procedimiento Civil[5].* Adujo que no se le concedió el término de veinte (20) días que estatuye la Regla 8.4 de Procedimiento Civil para oponerse a la moción de Mayra Pastrana. Señaló que cumplieron a cabalidad con extensas solicitudes de documentos que la demandante solicitó durante los cuatro (4) años de litigio. En ese escrito, Raúl Pastrana se expresó sobre los cuarenta (40) requerimientos, que la demandante identificó como requerimientos "a" hasta el "nn".

En esa misma fecha, el codemandado MMR también presentó una *Moción de Reconsideración y Solicitud de Orden al Amparo de la Regla 34 de Procedimiento Civil[6]*.

El 20 de agosto de 2025, el foro primario emitió una *Orden* en la cual expresó lo siguiente:

> EXAMINADA LA SOLICITUD PARA QUE SE PERMITA AL CODEMANDADO RAÚL PASTRANA PRESENTAR OPOSICIÓN BAJO LA REGLA 8.4 Y/O DE RECONSIDERACIÓN BAJO LA REGLA 47 DE PROCEDIMIENTO CIVIL (ENTRADAS 176 Y 177), **SE ORDENA A LA PARTE DEMANDANTE QUE SEA MÁS ESPECÍFICA EN LA SOLICITUD DE LOS DOCUMENTOS REQUERIDOS EN LA ENTRADA 176 DEL 7 DE AGOSTO DE 2025. DEBE EVITAR VAGUEDAD EN LOS REQUERIMIENTOS REALIZADOS AL CODEMANDADO RAÚL PASTRANA**. EN CUANTO A LA ALEGACIÓN DE QUE LOS REQUERIMIENTOS NO SON RELEVANTES, NO HA LUGAR. **UNA VEZ QUE LA PARTE DEMANDANTE PRESENTE UN REQUERIMIENTO MÁS ESPECÍFICO DE LOS DOCUMENTOS REQUERIDOS, LA PARTE CODEMANDADA RAÚL PASTRANA DEBERÁ CONTESTAR LOS MISMOS EN UN TÉRMINO DE 10 DÍAS**. (Énfasis nuestro)
> [...]

El 21 de agosto de 2025, la demandante Mayra Pastrana presentó una *Moción en Cumplimiento de Orden y Notificando el Incumplimiento de los Demandados y la Cancelación de los Tres*

---

[5] SUMAC TPI, entrada 180.
[6] SUMAC TPI, entrada 181.

*Días de Deposiciones*.    En esta moción incluyó una lista de cuarenta (40) documentos que le requirió al codemandado Raúl Pastrana y a la empresa MMR Supermarket, Inc., a saber:

a)Transcripciones de crédito de sus dos universidades.

b) Facturas y cheques de Rey Quiñones del 2016 al presente.

c) Facturas y cheques del licenciado Peral del 2016 al presente.

d) Facturas y cheques del licenciado Arbona del 2016 al presente.

e) Facturas y cheques del contable Orlando Ortiz Cabrera del 2016 al presente.

f) Facturas y cheques del contable auditor Gil Ortiz Cabrera del 2016 al presente.

g) Facturas y cheques del Ferdinand Ortiz Cabrera, contable hermano y que trabajó en el diario de las empresas. El que no es CPA. Son del 2016 al presente.

h) Documento certificado de parte del CPA Gil Ortiz Cabrera de que de 2016 al presente él no ha emitido cartas o comunicaciones a la gerencia de MMR y MPC sobre aspectos de funcionamiento de las empresas y problemas o situaciones detectadas.

i) Copia del Reglamento de Supermercados Econo.

j) Copia del contrato de la suite del Choliseo y sus estados de cuenta con los cheques cancelados.

k) Estados financieros 2024 de ambas empresas.

l) Copia de todos los cheques de productividad de Econo Central o de los suplidores a MPC y MMR del 2016 al presente.

m) Copias de todas las planillas de contribución sobre ingresos de Raúl Pastrana de 2016 al presente y las informativas que han generado MPC y MMR desde 2016 al presente sobre Raúl Pastrana, Mayra Pastrana y María Virgen Martínez.

n) Facturas de auspicios de las empresas de boxeo y boxeadores como Amanda Serrano con MPC y MMR.

o) Copia de las dos reclamaciones de MPC a Real Legacy Assurance por los huracanes Irma y María.

p) Copia de la segunda reclamación MMR a Real Legacy Assurance para los huracanes Irma y María.

q) Y copia de los cheques recibidos como compensación de parte de Real Legacy.

r) Copia de la demanda contra Real Legacy Assurance.

s) Copia del acuerdo transaccional de la demanda.

t) Copia del cheque de ambas empresas sobre esa reclamación de los huracanes.

u) Evidencia de préstamos PPP y de desembolso y condonación.

v) Evidencia de incentivo de nómina del IRS y de Hacienda del Covid y evidencia de pago.

w) Copia de la comunicación de la señora Dávila de Oriental Bank del 14 de enero de 2020 y que está relacionada con el exhibit 16 de la deposición.

x) Copia de todos los gastos de Mayra Pastrana de 2016 en adelante.

y) Copia de pagos de nómina María Martinez Alemán en MPC o MMR.

z) Estados de cuenta de AMEX de 2016 al presente de Raúl Pastrana y Myrna Ortega o cualquier otro empleado con ese beneficio.

aa) Evidencia de invitación a María Martínez a reuniones de accionistas de 2016 al presente.

bb) Proveer copia de evidencia de pagos de acciones tipo A, acciones tipo B, Bill Back, Negociaciones, Devolución por Eficiencia Operacional y Devolución por tienda del "Proyecto Sunshine", todos del 2016 al presente.

cc) Registro del cambio de todos los cheques cambiados o depositados de la petición anterior.

dd) Copias de todas las garantías personales de Raúl Pastrana con suplidores de MPC y MMR de 2016 al presente.

ee) Documento en el que Raúl Pastrana le notifica a Supermercados Econo, Inc. que el es el nuevo accionista en sustitución de su padre. Y la valorización de Supermercados Econo, Inc. de las acciones al 12 de junio de 2020.

ff) Copias de las acciones físicas de Supermercados Econo, Inc. (Tipo A, Tipo B y cualquier otra que le pertenezcan a Raúl Pastrana, MPC y MMR)

gg) Copia de las acciones físicas MPC, MMR y Funeraria.

hh) Detalle de todos los dividendos cobrados por Raúl Pastrana desde el 26 de julio de 2016 hasta el presente.

ii) Minuta o minutas de reuniones donde se determinó que Raúl Pastrana se iba a convertir en accionista (tipo A, B o cualquier otro tipo de acción) de Supermercados Econo, Inc.

jj) Evidencia de comunicación a la sucesión o MPC o MMR a Supermercados Econo sobre designación de Raúl Pastrana accionista (tipo A, B o cualquier otro tipo de acción) de Supermercados Econo, Inc.

kk) Determinación de Supermercados Econo, Inc. para designar a Raúl Pastrana como accionista (tipo A, B o cualquier otro tipo de acción).

ll) Estados Financieros Personales de Raúl Pastrana de 2016 al presente.

mm) Copia de capitulaciones matrimoniales de Raúl Pastrana.

nn) Copia de los pagos a la deuda de $778,289.00.

Sostuvo también que las deposiciones pautadas se tuvieron que suspender ante el incumplimiento del señor Raúl Pastrana y MMR.  Solicitó, además, sanciones de $1,500.00 para cada uno.

En respuesta, el 21 de agosto de 2025[7], el foro primario indicó lo siguiente:

Se le ordena a la parte demandada Raúl Pastrana y a la empresa MMR Supermarket, Inc., que conteste lo identificado por la parte demandante en la alegación #1 de la A a la NN en un término de 10 días a partir de la notificación de esta orden. De incumplir con esta orden se le impondrán severas sanciones.

Por otro lado, los contables Gil Alberto Ortiz Cabrera y Sr. Ferdinand Ortiz Cabrera deben entregar la evidencia que se le solicitó por la parte demandada en un término de 10 días. De incumplir con esta orden, se le impondrán $2,000 de sanciones a la parte demandada.

El 25 de agosto de 2025[8], Raúl Pastrana presentó *Oposición a Moción de la Demandante; En Cumplimiento de Orden y Solicitud de Reconsideración*.  Explicó que, "lo identificado en la

---

[7] SUMAC TPI, entrada 185.
[8] SUMAC TPI, entrada 186.

alegación #1 de la A a la NN es exactamente lo mismo que ya este Tribunal dictaminó, en su Orden del 20 de agosto de 2025 [Entrada 182] que adolece de 'vaguedad' y en cuanto a lo cual ordenó a la demandante que presente un requerimiento más específico de los documentos requeridos'"[9]. Adujo, además, que, "la moción de la demandante no cumple con la directriz de especificidad en la Orden del 20 de agosto de 2025."[10] Indicó que, "[l]a demandante no ha sometido una solicitud de documentos con las especificaciones del Tribunal."[11]

El 26 de agosto de 2025[12], el codemandado MMR presentó una *Segunda Moción de Reconsideración y Solicitud de Orden de MMR Supermarket, Inc*. El 26 de agosto de 2025,[13] el tribunal de instancia declaró *No Ha Lugar* las mociones de reconsideración.

En desacuerdo, Raúl Pastrana acudió a este foro de revisión intermedio en el que planteó lo siguiente:

> PRIMER ERROR: Erró el TPI y cometió error de derecho al emitir Orden (Entrada #185 SUMAC) resolviendo la moción de la recurrida (Entrada #184 SUMAC) sin conceder al peticionario Raúl Pastrana Martínez y MMR la oportunidad de expresarse en cuanto a la misma.
>
> SEGUNDO ERROR: Erró el TPI y actuó irrazonablemente al ordenar al peticionario Raúl Pastrana Martínez y MMR "contestar" una solicitud de producción de documentos bajo amenaza de "severas sanciones" (Entrada #185 SUMAC) aun cuando días antes había determinado que la solicitud de documentos adolecía de vaguedad y falta de especificidad y había ordenado a la recurrida a reformular la misma.
>
> TERCER ERROR: Erró el TPI al ordenar (Entrada #185 SUMAC) al peticionario a producir documentos sobre los cuales se había invocado el privilegio abogado-cliente sin hacer una determinación de la aplicabilidad de dicho privilegio.

---

[9] Íd, página 3, párrafo 6.
[10] Íd.
[11] Íd, página 3, párrafo 7.
[12] SUMAC TPI, entrada 187.
[13] SUMAC TPI, entradas 188 y 189.

CUARTO ERROR: Erró el TPI al actuar irrazonablemente cuando amenazó a la "parte demandada" en su Orden del 21 de agosto de 2025 (Entrada #185 SUMAC) con imponerle sanción de $2,000 si terceros que no están bajo el control de los demandados no producen, en diez (10) días, documentos solicitados a éstos.

Recibido el recurso, junto a una Solicitud de Orden en Auxilio de Jurisdicción […], el 3 de septiembre de 2025, ordenamos la paralización de los procedimientos en el foro de instancia. Asimismo, le ordenamos a la recurrida presentar su posición para el 8 de septiembre de 2025. El lunes, 15 de septiembre de 2025, la parte recurrida presentó su *Alegato en Oposición a Certiorari*.

Evaluados los escritos de las partes, disponemos.

## II.

## A.

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016).

En particular, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece los preceptos que regulan la expedición del recurso discrecional de *certiorari*, para la revisión de

determinaciones interlocutorias del Tribunal de Primera Instancia. En lo pertinente, la regla dispone que,

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Al evaluar un recurso de *certiorari* nuestros oficios se encuentran enmarcados en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 68-69, 215 DPR ___ (2025), la cual señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida Regla dispone lo siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. BPPR v. SLG Gómez-López, *supra*, pág. 337.

**B.**

Es norma reiterada que, el Tribunal de Primera Instancia goza de amplia discreción para regular el ámbito del descubrimiento de prueba, toda vez que tiene el deber de garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. Consejo de Titulares v. Triple-S, 2025 TSPR 82, 216 DPR ____ (2025); Rivera et al. v. Arcos Dorados et al., *supra*, pág. 203; Cruz Flores et al. v. Hosp. Ryder et al., 210 DPR 465, 497 (2022).

Así pues, como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. BPPR v. SLG Gómez-López, *supra*, pág. 334; VS PR, LLC v. Drift-Wind, 207 DPR 253, 273 (2021). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. BPPR v. SLG Gómez-López, *supra*, pág. 335; SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434-435 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000).

A su vez, es doctrina reiterada que el descubrimiento de prueba debe ser amplio y liberal. Consejo de Titulares v. Triple-S, *supra*; Izquierdo II v. Cruz y otros, 213 DPR 607, 616 (2024);

Rivera et al. v. Arcos Dorados et al., *supra*; Cruz Flores et al. v. Hosp. Ryder et al., *supra*, pág. 496; McNeil Healthcare v. Mun. Las Piedras II, 206 DPR 659, 672 (2021).

En esencia, el fin perseguido por el descubrimiento de prueba es permitir a las partes obtener información necesaria para la preparación del juicio, de modo que puedan precisar los asuntos en controversia y descubrir la verdad de lo ocurrido. Rivera y otros v. Bco. Popular, *supra*, pág. 154. Para dar cumplimiento a este objetivo y no actuar de forma arbitraria y caprichosa, los tribunales deben conceder *un tiempo razonable* para que ambas partes puedan completar su descubrimiento, evaluar la información obtenida, y así estar en mejor posición de presentar su caso. Íd.

De igual forma, se ha indicado que el esquema adoptado por nuestras reglas deja en manos de los abogados el trámite del descubrimiento, para así fomentar una mayor flexibilidad y minimizar la intervención de los tribunales en esta etapa procesal. Rivera y otros v. Bco. Popular, *supra,* pág. 153. No obstante, el descubrimiento de pruebas no es ilimitado. Alfonso Brú v. Trane Export, Inc., 155 DPR 158, 167-168 (2001).

La Regla 23.1(a) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, establece los parámetros que regulan el descubrimiento de prueba en los casos civiles. En particular, el inciso (a) de esta Regla dispone que las partes en litigio podrán indagar "sobre cualquier materia, **no privilegiada**, que sea **pertinente** al asunto en controversia en el pleito pendiente [...]". Consejo de Titulares v. Triple-S, *supra*; Véase, además, Cruz Flores et al. v. Hosp. Ryder et al., *supra*, pág. 496.

Con respecto a la pertinencia, el Tribunal Supremo ha expresado que ésta debe interpretarse en términos amplios.

Consejo de Titulares v. Triple-S, *supra*; McNeil Healthcare v. Mun. Las Piedras II, *supra,* pág. 674; E.L.A. v. Casta, 162 DPR 1, 12 (2004).

En cuanto a la materia privilegiada se ha precisado que es aquella que puede ser excluida del descubrimiento ya sea por políticas extrínsecas o algún privilegio reconocido en las Reglas de Evidencia. Consejo de Titulares v. Triple-S, *supra*; McNeil Healthcare v. Mun. Las Piedras II, supra, pág. 674; Pres. del Senado, 148 DPR 737, 766 (1999). En esa misma línea, hemos expresado que, con relación a la existencia y alcance de los privilegios, su concesión no será automática y su existencia se interpretará restrictivamente de forma que no entorpezca la consecución de la verdad en los procesos judiciales. Regla 518 de las Reglas de Evidencia, 32 LPRA Ap. VI; Consejo de Titulares v. Triple-S, *supra;* Ponce Adv. Med. v. Santiago González et al., 197 DPR 891, 899-900 (2017).

De existir controversia en torno a la aplicabilidad del privilegio, luego de haberse acreditado los esfuerzos de buena fe que requiere la Regla 34.1 de las Reglas de Procedimiento Civil, *infra*, el foro primario tendrá que resolver si el promovente estableció "mediante preponderancia de la prueba, los elementos del privilegio que invoca". Consejo de Titulares v. Triple-S, *supra;* McNeil Healthcare v. Mun. Las Piedras I, *supra*, pág. 408 (citando a Ponce Adv. Med. v. Santiago González et al., *supra*, pág. 900. Por el contrario, si el reclamo del privilegio se hace de forma "genérica, vaga o mediante planteamientos estereotipados", se deberá declarar sin lugar la objeción y ordenar la producción de la información solicitada. Consejo de Titulares v. Triple-S, *supra;* McNeil Healthcare v. Mun. Las Piedras I, *supra*; Ponce Adv. Med. v. Santiago González et al., *supra*, pág. 901.

Ahora bien, en lo aquí atinente, la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1, contempla la ocasión en la que ocurra alguna controversia relacionada con el descubrimiento de prueba. Al respecto, la regla dispone como sigue:

> Cuando surja una controversia en torno al descubrimiento de prueba, el tribunal sólo considerará las mociones que contengan **una certificación** de la parte promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado de la parte adversa para resolver los asuntos que se plantean en la moción y que éstos han resultado infructuosos.

Una vez establecido ello, se podrá solicitar al tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado. Regla 34.2, *supra*.

Asimismo, la Regla 34.3 de Procedimiento Civil, 34 LPRA Ap. V, R. 34.3, fija las consecuencias cuando una parte rehúsa a cumplir con el descubrimiento de pruebas. Entre las sanciones aplicables, contempla el desacato, así como la emisión de órdenes, entre ellas, bajo las condiciones que estime justas, para imponer a cualquier parte, testigo, abogado una sanción económica como resultado de sus actuaciones.

## III.

Conforme a los preceptos jurídicos antes mencionados, procedemos a evaluar.

En sus primeros dos señalamientos de error, el peticionario alegó que el foro primario no le dio la oportunidad de replicar a la *Moción en Cumplimiento de Orden y Notificando el Incumplimiento de los Demandados y la Cancelación de los Tres Días de Deposiciones* que presentó la parte demandante el 21 de agosto de 2025. En la referida moción, la recurrida incluyó una lista

identificada de la "A" a la "NN", para que los demandados suplieran esa documentación. Adujo que, ese mismo día, el foro primario *Ordenó* a suplir la información. Señaló que la referida orden no fue razonable, pues sobre el mismo tema de producción de documentos, el 20 de agosto de 2025, el foro primario ya había indicado que la solicitud de documentos que requirió la demandante, adolecía de vaguedad y falta de especificidad. Evaluamos.

Sobre este particular, corroboramos que el 19 de agosto, notificada el 20 de agosto de 2025, el foro primario ordenó a la demandante a ser más específica en la solicitud de los documentos incoada el 7 de agosto de 2025 mediante la *Moción Urgente al Amparo de la Regla 34.1 de Procedimiento Civil* (entrada 176). El foro primario también le indicó a la demandante que debía evitar la vaguedad en los requerimientos.

Al día siguiente, el 21 de agosto de 2025, la recurrente presentó una *Moción en Cumplimiento de Orden y Notificando el Incumplimiento de los Demandados y la Cancelación de los Tres Días de Deposiciones* que presentó la parte demandante. En referida moción, la demandante incluyó una lista de documentos, identificada de la "A" a la "NN", solicitada al demandado Raúl Pastrana y a la empresa MMR.

Ese mismo día, 21 de agosto de 2025, el foro primario le ordenó al peticionario a contestar los requerimientos de la "A a la NN" en el término de diez (10) días, so pena de sanciones. También el foro emitió otra orden a los contables Gil Alberto Ortiz Cabrera y Sr. Ferdinand Ortiz Cabrera para que suplan la evidencia solicitada, so pena de sanciones económicas.

De nuestro análisis, vemos que el 21 de agosto de 2025, la demandante suplió una lista al tribunal de instancia, que era en

esencia similar a la que el día anterior, el foro de instancia le había ordenado que fuese más específica. Por lo que, la *Orden* aquí cuestionada fue contraria a las directrices de especificidad y vaguedad según el tribunal lo requirió en la *Orden* del 20 de agosto de 2025.

Tan es así que en el *Alegato en Oposición a Certiorari* la parte recurrida realizó un recuento de la información solicitada y en esta ocasión fue más específica en cuanto a su petitorio de información. Esto, nos lleva a concluir razonablemente que la recurrida no había cumplido con la directriz que el foro de instancia le impartió en la orden del 20 de agosto de 2025.

De otro lado, en el *Alegato en Oposición a Certiorari*, la recurrida reveló que el peticionario ya le "adelantó parte de la prueba solicitada". En otros incisos del descubrimiento de pruebas, la recurrida nos anunció que, "esta evidencia nos ha sido supuestamente entregada por MMR en un "pen drive" y se está evaluando su contenido para ver si nos entregaron exactamente lo solicitado". Indicó también, que otra información no había sido provista.

De manera que, según informa la recurrida, el peticionario ya le suplió cierta información relativa a la producción de documentos, quedando pendiente otra. Ante ello, para garantizar una solución justa y rápida, sin ventajas para ninguna de las partes, el curso adecuado a seguir en materia de descubrimiento de pruebas, es dejar sin efecto la orden emitida el 21 de agosto de 2025. Entendemos que esta se emitió de forma precipitada, previo a que las partes cumplieran con la Regla 34.1 de Procedimiento Civil, *supra*.

En consecuencia, se devuelve el asunto al foro primario para que, ordene a las partes a reunirse, a los fines de que estas

realicen los esfuerzos razonables, con prontitud, para zanjar los asuntos pendientes del descubrimiento de información y así lo certifiquen al tribunal. Esto, como paso previo a solicitar órdenes y sanciones al tribunal relativas al descubrimiento de pruebas. En la alternativa, el foro primario puede celebrar una vista sobre el descubrimiento de pruebas pendiente, o ambas, a su discreción.

Por lo aquí resuelto, resulta innecesario adentrarnos en los señalamientos de error tercero y cuarto.

### IV.

Por las razones antes expresadas, expedimos el recurso de *certioari*, dejamos sin efecto la orden aquí cuestionada y devolvemos el asunto al foro primario para que atienda todas las controversias pendientes del descubrimiento de pruebas, ya sea ordenando a las partes a reunirse a tenor con la Regla 34.1 de Procedimiento Civil, celebrando una vista o ambas, a su discreción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones